PEOPLE, PLAINTIFF AND APPELLEE, *v.* DÍAZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Assault and Battery.

No. 2108.—Decided March 17, 1924.

MAYHEM—INDICTMENT—DISMISSAL OF PROSECUTION—LIMITATION.—If the grand jury indicts for mayhem on facts classified by the committing magistrate as aggravated assault and battery in the warrant of arrest, although sixty days may have elapsed between the arrest and the indictment by the grand jury, a dismissal under subdivision 1 of section 448 of the Code of Criminal Procedure is improper.

ID.—ID.—AGGRAVATED ASSAULT AND BATTERY.—Under an indictment for mayhem the defendant may be convicted of aggravated assault and battery.

The facts are stated in the opinion.
*Mr. A. Garcia Veve* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The appellant was charged with the crime of mayhem in an indictment reading as follows:

"The said Justino Díaz, on January 1, 1923, in the municipality of Fajardo, which forms a part of the judicial district of Humacao, P. R., unlawfully, wilfully and maliciously assaulted and battered Américo Andrini with a barber's razor, which is a deadly weapon, inflicting upon him a deep wound in the face, which was thereby permanently disfigured. * * * "

The defendant was tried and found guilty of aggravated assault and battery.

On appeal from the judgment it was assigned that the court erred (1) in overruling a motion to quash the indictment, and (2) in overruling a demurrer on the ground that the indictment did not state facts sufficient to constitute a crime.

The assignments are without merit.

The appellant bases the first assignment on subdivision 1 of Section 448 of the Code of Criminal Procedure.

On January 1, 1923, when the prosecution was begun, the defendant was charged with and arrested for aggravated assault and battery, but when the papers were sent to the District Attorney of Humacao by the Municipal Judge of Fajardo the case was submitted to the grand jury, and on March 28, 1923, the grand jury brought in an indictment for mayhem. From the facts it must be admitted, on the one hand, that from the date of the arrest of the accused until the grand jury found the indictment more than sixty days had elapsed; but, on the other hand, we cannot take as a basis for the purpose of quashing the indictment the crime of aggravated assault and battery and the arrest of the accused on that charge. The variation of the charge by the grand jury changed the situation of the defendant and its legal consequences, and the date of his arrest for the crime of mayhem, if it should appear to have been made, is what we must consider, and not that of the first arrest. When the indictment was found for the crime of mayhem the defendant had a right to insist that the previous prosecution for assault and battery should be dismissed, but he had no right to insist on the quashing of the indictment for mayhem, for he was not arrested originally on that charge.

The second assignment is that the indictment does not charge a public offense.

The trial jury did not render a verdict of guilty of mayhem, as charged in the indictment, but convicted the

defendant of a lesser crime, that is, aggravated assault and battery. The question is whether this crime may be considered as necessarily included in the crime of mayhem.

Act No. 22 of March 11, 1923, amending section 286 of the Code of Criminal Procedure, settles the question, and in applying the said act this court has decided it in the affirmative. In the case of *People* v. *Pérez*, 25 P. R. R. 367, it was held that in accordance with the said act, under a charge of mayhem a defendant may be convicted of simple or aggravated assault and battery; and in the case of *People* v. *Pizarro,* 21 P. R. R. 17, it was said that a charge to a jury to that effect is not erroneous.

The judgment must be

*Affirmed.*

Justices Wolf and Aldrey concurred.

Chief Justice Del Toro and Justice Hutchison dissented.